# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAVID WAYNE HUNGERFORD**<br>DOC # 444829 | : | **DOCKET NO. 17-cv-778**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **POLICE DEPT, CITY OF LAKE**<br>**CHARLES, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is the amended civil rights complaint [doc. 8] filed pursuant to 42 U.S.C. § 1983 by plaintiff David Wayne Hungerford, who is proceeding *pro se* and *in forma pauperis* in this matter. Hungerford is currently incarcerated at the Calcasieu Correctional Center ("CCC") as a pretrial detainee. Doc. 1, p. 3. However, he raises claims relating to his arrest by officers of the Lake Charles Police Department ("LCPD").

## I.
### BACKGROUND

Hungerford alleges that, on May 2, 2017, he was beaten by officers of the LCPD. Doc. 8, p. 3. From this beating, he maintains that he suffered broken bones but received no medical treatment from the LCPD officers and instead "sat [four] or more [hours] before they brought me to [CCC] and glued my cheek together." Doc. 8, p. 3. He states that some unidentified person told him that he did not suffer any broken bones, but he maintains that he could prove otherwise if given X-rays. *Id.*

Hungerford now brings suit against the LCPD, the City of Lake Charles, the Mayor of the City of Lake Charles, and the Chief of Police of the City of Lake Charles. *Id.*; doc. 1, pp. 1, 4. In

relief he seeks "[t]o have the officer reprimanded and to receive a settlement between $5,000.00 to $500,000.00" for the alleged police brutality. Doc. 8, p. 4. He also requests that he not face any repercussions for suing the LCPD. *Id.*

## II.
### LAW & ANALYSIS

#### A. *Frivolity Review*

Hungerford has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

#### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants

liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

## C. Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

## D. Theories of the Complaint

### 1. Proper parties

#### a. Lake Charles Police Department

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Police departments are generally not juridical entities and the proper defendant is instead the municipality. *Durall v. Lafayette Police Dept.*, 2011 WL 6181387 at *1 n. 1 (W.D. La. Nov. 16, 2011); *Evans v. City of Homer*, 2007 WL 2710792 at *4–*5 (W.D. La. Sep. 12, 2007). Hungerford's claims against the LCPD should be asserted against the city itself, which was named as a defendant to this suit in his original complaint. *See* doc. 1. He should therefore dismiss all claims against the LCPD and instead assert these against the City of Lake Charles.

### b. *Lake Charles Chief of Police and Mayor*

It is unclear whether Hungerford still intends to maintain claims against the Chief of Police, as this defendant was not mentioned in the amended complaint. *See* doc. 8. To the extent that he does, it is not clear whether such claims are brought in a personal or official capacity. However, Hungerford's claims against both the mayor and chief of police raise concerns.

As the Supreme Court has explained:

> [T]he distinction between official-capacity suits and personal-capacity suits is more than "a mere pleading device." . . . State officers sued for damages in their official capacity are not "persons" for purposes of the suit because they assume the identity of the government that employs them . . . . By contrast, officers sued in their personal capacity come to court as individuals. A government official in the role of personal-capacity defendant thus fits comfortably within the statutory term "person."

*Khansari v. City of Houston*, 14 F.Supp.3d 842, 852 (S.D. Tex. 2014) (quoting *Hafer v. Melo*, 112 S.Ct. 358, 362 (1991)).

A government official sued in his personal capacity is shielded by the doctrine of qualified immunity, and may only be held liable upon a showing of personal involvement in the alleged constitutional deprivation. *Id.* at 852–53. Meanwhile, when a plaintiff sues a municipal or county official in his official capacity, the municipality or county is liable for the resulting judgment. *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996). Suits against government defendants in their official capacities "are typically an alternative means of pleading an action against the governmental entity involved." *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996) (citing *Hafer*, 112 S.Ct. at 361 (1991)). There is no basis for such alternative pleading in this matter, where the city is already a defendant. Accordingly, Hungerford should amend his complaint to clarify whether he still intends to raise claims against the Chief of Police. To the extent any claims are made against this party and the Mayor of Lake Charles in a personal capacity, Hungerford should

say so. To the extent claims against either party are made in an official capacity, Hungerford should instead raise them against the City of Lake Charles.

### 2. *Supervisory liability*

It is clear that the parties to this suit are named in a supervisory capacity, as none are alleged to have been personally involved in Hungerford's alleged beating or medical care. Supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, have failed to train or supervise the officials directly involved in circumstances amounting to deliberate indifference to the plaintiff's rights, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Brown v. Bolin*, 500 Fed. App'x 309, 314 (5th Cir. 2012); s*ee also Cozzo v. Tangipahoa Parish Council—President Gov't*, 279 F.3d 273, 289 (5th Cir. 2002). Accordingly, Hungerford must amend his complaint to clarify a basis for supervisory liability in line with the above, identify the actors personally involved in these events and name them as defendants instead, or dismiss his suit.

### 3. *Municipal liability*

Similar to the above, municipal liability attaches in a § 1983 suit where the governmental entity "is alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," as well as when the injury results from an informal custom of the entity. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 166 (5th Cir. 2010) (internal quotations omitted). The municipality may not be held liable "merely for employing a tortfeasor," and the plaintiff is instead required to show three

elements: a policymaker, an official policy, and a resulting violation of constitutional rights. *Id.* at 167; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Here the presumptive policymaker is the mayor and/or chief of police. In order to establish municipal liability at this stage, Hungerford should identify the policy or custom at issue and its connection to the alleged use of excessive force.

### *4. Heck concerns*

Under the Supreme Court's precedent in *Heck v. Humphrey*, a plaintiff who has been convicted of a crime may not use § 1983 to collaterally attack that conviction. 114 S.Ct. 2364, 2372 (1994). In other words, a plaintiff may not recover on a § 1983 claim that calls into question the validity of a conviction unless that conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus. *Id.* at 2372–73. Accordingly, certain convictions, such as battery of an officer, may bar a plaintiff from bringing an excessive force claim based on those same events. *Arnold v. Town of Slaughter*, 100 Fed. App'x 321, 323 (5th Cir. 2004) (citing *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996)); *but see Thomas v. Pohlmann*, 681 Fed. App'x 401, 407 (5th Cir. 2017) (excessive force claim not necessarily undermined by battery of an officer conviction, where plaintiffs alleged that the officers continued to use excessive force after they had ceased their resistance).

As stated above, Hungerford was on pretrial detention at the time he filed this complaint. *See* doc. 1, p. 3. Accordingly, he must identify what charges were filed against him and what the disposition of those charges is. If he has been charged in any manner that might raise *Heck* concerns in this matter, he should explain the connection between the charge(s) and the claims currently under review.

*5. Medical care*

Hungerford briefly complains of the medical care he received from LCPD officers while awaiting transfer to CCC, and of their failure to recognize his broken bones. To the extent that he intends to raise this as a separate constitutional claim based on denial of medical care, he should say so. He should be aware, however, that the standards for such a claim are high. The Fifth Circuit treats medical care claims by arrestees identically to those raised by pretrial detainees. *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 472–73 (5th Cir. 1996). Where, as here, the plaintiff alleges only an individual or episodic act, he is required to show subjective deliberate indifference in order to demonstrate a constitutional violation.[1] *Scott v. Moore*, 114 F.3d 51, 54 (5th Cir. 1997). Under this standard, the plaintiff must show that the responsible party knew of and disregarded "an excessive risk to the inmate's health and safety." *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). As the Fifth Circuit has repeatedly cautioned, "[d]eliberate indifference is more than mere negligence" and "disagreement with medical treatment alone cannot support such a claim." *Id.* at 549 (citations omitted).

*6. Damages*

It is unclear whether Hungerford is seeking punitive damages. If he is, she should be aware that a municipality may not be held liable for punitive damages under § 1983. *Broussard v. Lafayette City-Parish Consol. Gov't*, 45 F.Supp.3d 553, 578–79 (W.D. La. 2014). Additionally, as discussed above, Hungerford's official-capacity claims against the Chief of Police are "in all respects other than name, to be treated as a suit against the government entity." *Mitchell v. City of New Orleans*, 184 F.Supp.3d 360, 378 (E.D. La. 2016) (alteration and quotations omitted).

---

[1] This is the test used to show personal liability for a denial of medical care. *Gibbs*, 254 F.3d at 549. In order to show municipal liability for same, Hungerford would have to identify a deficient policy or custom, which would then be analyzed under an objective standard. *See id.*; *Scott*, 114 F.3d at 53.

### *7. Injunctive relief*

Finally, Hungerford has requested that he be protected against repercussions for filing suit. Doc. 8, p. 4. Requests for injunctive relief are subject to the jurisdictional standing requirements of Article III. *See, e.g.*, *Hainze v. Richards*, 207 F.3d 795, 802 (5th Cir. 2000). To meet this requirement, a plaintiff must demonstrate that a case or controversy exists. *Bauer v. Texas*, 341 F.3d 352, 357–58 (5th Cir. 2003). In a request for injunctive relief he is therefore required to "allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Id.* at 358. Past exposure to illegal conduct is insufficient "if unaccompanied by any continuing, present adverse effects." *Id.* (quoting *City of Los Angeles v. Lyons*, 103 S.Ct. 1660, 1665 (1983)).

Hungerford does not allege that he is currently experiencing or under threat of any repercussions. Accordingly, he does not satisfy the standing requirements above. He should dismiss this request for relief or allege facts sufficient to show ongoing injury and/or threat of future injury.

### III.
#### CONCLUSION

Hungerford's amended pro se complaint is deficient in a number of respects as described above. Before this court can determine the proper disposition of his action, he should be given the opportunity to remedy the deficiencies or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Hungerford at his last address on file.

**IT IS ORDERED** that Hungerford amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Hungerford is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE